UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*VEENAN J*

-------------------------------------------------------------X

FIERMAN PRODUCE EXCHANGE, INC.,

        Case No.: 07CV9854 (JFK)

               Plaintiff,

    - against -

**ORDER TO SHOW CAUSE**

W.A. PRODUCE CORP. and ASHRAF G.
MANDOUR,

               Defendants.   :

-------------------------------------------------------------X

Upon the annexed affidavit of Leonard Kreinces, Esq., sworn to the 27th day of December, 2007 and all proceedings had herein.

IT IS ORDERED THAT, the defendant, ASHRAF G. MANDOUR ("MANDOUR") show cause before this Court to be held in Room 20-C in the United States Courthouse, 500 Pearl Street, New York, New York at 11:30 a.m. on the 31st day of January, 2008, before the Honorable John F. Keenan, U.S. District Court Judge, or as soon thereafter as counsel can be heard, why the Judgment should not be entered against the defendant for the amounts set forth in the complaint, upon the defendant's failure to appear or defend in this action and for the further relief of voluntarily dismissing, without prejudice, the defendant, W.A. PRODUCE CORP.

Sufficient cause therefor appearing, let service of a copy of this Order to Show Cause, together with the papers upon which it is based upon defendant, MANDOUR, on or before 4:15 PM on the 27 day of January, 2008 by overnight delivery and U.S. First Class Mail to his residence address, 443 84th Street, Apt. 1F, Brooklyn, New York 11209, be deemed sufficient.

Dated:     New York, New York
         January 17, 2008

                                  *John F. Keenan*
                                  JOHN F. KEENAN, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-17-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FIERMAN PRODUCE EXCHANGE, INC.,

Case No.: 07CV9854 (JFK)

Plaintiff,

- against -

**AFFIDAVIT IN SUPPORT**

W.A. PRODUCE CORP. and ASHRAF G.
MANDOUR,

Defendants.
-----------------------------------------------------------------X

STATE OF NEW YORK     )

COUNTY OF NASSAU     )ss.:

LEONARD KREINCES, P.C., being duly sworn, deposes and says:

1.     I am a member of the Bar of this Court and am a member of the firm of KREINCES &

ROSENBERG, P.C., attorneys for the plaintiff in the above-entitled action, and I am familiar with

all the facts and circumstances in this action.

2.     I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the

Southern District of New York, in support of the plaintiff's application for the entry of a judgment

against the defendant, ASHRAF G. MANDOUR ('MANDOUR").

3.     This is an action to recover the unpaid balance of THIRTY TWO ONE HUNDRED

FORTY-EIGHT and 00/100 ($32,148.00) DOLLARS, owed by the defendant, MANDOUR, to the

plaintiff for the balance of unpaid perishable agricultural commodities. The pleadings are annexed

hereto as Exhibit "A."

4.    Jurisdiction of the subject matter of this action is based upon Federal question jurisdiction.

5.    This action was commenced on November 7, 2007 by the filing of the Summons and Complaint. A copy of the Summons and Complaint was served upon the defendant, MANDOUR, on November 15, 2007. A copy of the affidavit of service is annexed hereto as Exhibit "B." The defendant, MANDOUR, is in default of pleading and appearance.

6.    The corporate defendant operates a store premises which are no longer in existence, for that reason we request that as to that defendant the action be voluntarily dismissed, without premises, and we can then proceed to procure a judgment against the individual defendant pursuant to this application.

7.    This action seeks judgment for the liquidated amount of THIRTY TWO THOUSAND ONE HUNDRED FORTY-EIGHT and 00/100 ($32,148.00) DOLLARS, plus interest at nine (9%) percent per annum from April 18, 2007, for a total as of THIRTY TWO THOUSAND ONE HUNDRED FORTY-EIGHT SIXTY and 00/100 ($32,148.00) DOLLARS, as shown by the annexed Statement, which is justly due and owing, and no part of which has been paid except as therein set forth.

8.    The disbursements sought to be taxed have been made in this action and will necessarily be made herein.

9.    No prior application has been made for the relief requested herein.

10.    We request service by overnight delivery and U.S. First Class Mail be made upon the individual defendant at his residence. We have previously mailed letters to him and he has received them at his residence address 443 84th Street, Apt. 1F, Brooklyn, New York 11209.

11.    We have requested that the order to show cause be returnable on January 31, 2008 at

11:30 a.m for the reason that the Court has fixed that date and time for a conference in the above-entitled action. We respectfully submit that it would be most convenient to counsel and further submit to the Court, to have this application be heard at the same time.

**WHEREFORE**, the plaintiffs request the entry of Default and the entry of the annexed Judgment against the defendant, MANDOUR.

Dated: Westbury, New York
December 27, 2007

LEONARD KREINCES, ESQ. (LK6524)

Sworn to before me this
27th day of December, 2007.

Notary Public

**HOWARD ROSENBERG**
**Notary Public, State of New York**
No. 02RO4979785
Qualified in Suffolk County
Commission Expires 04/08/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIERMAN PRODUCE EXCHANGE INC.

Case No.: 07 CIV 9854 (JFK)

            Plaintiff,

    -against-                                    **STATEMENT OF DAMAGES**

W.A. PRODUCE CORP. and ASHRAF G. MANDOUR

            Defendant.

| | |
|---|---:|
| Principal Amount Sued for | $32,148.00 |
| Interest at 9% from April 18, 2007 through December 17, 2007 | $ 2,169.99 |
| Costs and Disbursements: | |
| Clerk's Fee | $   120.00 |
| Process Server fee for service | $    50.00 |
| Statutory Fee | $    20.00 |
| TOTAL as of December 17, 2007 | $34,507.99 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIERMAN PRODUCE EXCHANGE INC.

Case No.: 07CIV 9854 (JFK)

Plaintiff,

-against-                                               **CLERK'S CERTIFICATE**

W.A. PRODUCE CORP. and ASHRAF G. MANDOUR,

Defendant.

I, J. MICHAEL McMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on November 7, 2007 with the filing of a Summons and Complaint, and thereafter, the defendant, ASHRAF G. MANDOUR, was served with a copy of the Summons and Complaint on November 15, 2007 and proof of such service thereof was filed with the Court.

I further certify that the docket entries indicate that the defendant, ASHRAF G. MANDOUR, has not filed an Answer or otherwise moved with respect to the complaint herein. The default of the defendant, ASHRAF G. MANDOUR, is hereby noted.
Dated: New York, New York
January _____, 2007

J. MICHAEL McMAHON
Clerk of the Court

By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIERMAN PRODUCE EXCHANGE INC.

                Plaintiff,                      Case No.: 07 CIV 9854 (JFK)

     -against-

                                        **DEFAULT JUDGMENT**

W.A. PRODUCE CORP. and ASHRAF G. MANDOUR,

                Defendant.

This action having been commenced on November 7, 2007 by the filing of the Summons and Complaint, and thereafter, a copy of the Summons and Complaint was served on the defendant, ASHRAF G. MANDOUR, and proof of such service having been filed with the Court, and time for the defendant, ASHRAF G. MANDOUR to answer the Complaint having expired, it is

ORDERED, ADJUDGED AND DECREED:  That the plaintiff have judgment against the defendant, ASHRAF G. MANDOUR, in the liquidated amount of THIRTY TWO THOUSAND ONE HUNDRED FORTY-EIGHT and 00/100 ($32,148.00) DOLLARS, with interest at nine percent (9%) from April 18, 2007, plus costs and disbursements of this action in the amount of ONE HUNDRED NINETY AND NO/100 ($190.00) DOLLARS amounting in all to THIRTY FOUR THOUSAND FIVE HUNDRED SEVEN and 99/100 ($34,507.99) DOLLARS.
Dated: New York, New York
      January ____, 2007

                                        _____

                                           U.S.D.J.

                                    This document was entered on the
                                    docket on _____.

# United States District Court

Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIERMAN PRODUCE EXCHANGE, INC.,

Plaintiff,

-against-

WA. PRODUCE CORP. and ASHRAF G.
MANDOUR

Defendants.

**SUMMONS IN A CIVIL ACTION**

Case No.:

 07 CIV 9854

TO: (Name and Address of Defendant)

W.A. PRODUCE CORP.
3902-08 13th Avenue
Brooklyn, New York 11218

ASHRAF G. MANDOUR
443 84th Street, Apt. 1F
Brooklyn, New York 11209

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court
and serve upon

PLAINTIFFS' ATTORNEYS: (name and address)
**KREINCES & ROSENBERG, P.C.**
900 Merchants Concourse
Westbury, New York 11590
(516) 227-6500

an answer to the complaint which is herewith served upon you, within **twenty (20)** days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.

J. MICHAEL McMAHON
CLERK

BY DEPUTY CLERK

NOV 07 2007
DATE

Z:\kreinces1\WORK\HUNTSPOINT\FIERMAN\W A. Produce Corp\Summons.frm

07 CIV 9854

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIERMAN PRODUCE EXCHANGE INC.,

                              Plaintiff,                    Case No.:

        -against-

                                                           **COMPLAINT (to Enforce Payment**
W.A. PRODUCE CORP. and ASHRAF G.                           **From Produce Trust)**
MANDOUR,

                              Defendants.

---

        FIERMAN PRODUCE EXCHANGE, INC. (hereinafter referred to as "FIERMAN" or

"plaintiff"), for its complaint against defendants, alleges:

### JURISDICTION AND VENUE

        1.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities

Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §1332.

        2.      Venue in this District is based on 28 U.S.C. §1391 in that the substantial events

constituting the claims arose in this District.

### PARTIES

        3.      Plaintiff is a corporation engaged in the business of buying and selling wholesale

quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At

all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

        4.      Defendant, W.A. PRODUCE CORP. ("W.A. PRODUCE"), upon information and

belief, is a New York corporation with a principal place of business at 3902-08 13th Avenue,

1

Brooklyn, New York 11218, and was at all times pertinent herein, a dealer and commission merchant and subject to and licensed under the provisions of the PACA as a dealer and commission merchant.

5.      The defendant, ASHRAF G. MANDOUR ("MANDOUR"), is a principal officer, director and shareholder of W.A. PRODUCE and was the conscious moving force concerning the operations of that corporation.

6.      The defendant, MANDOUR, directed all of the activities and operations of W.A. PRODUCE.

## GENERAL ALLEGATIONS

7.      This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499(c).

8.      FIERMAN sold and delivered to defendant, W.A. PRODUCE, in interstate commerce, $32,148.00 worth of wholesale quantities of produce.

9.      Defendant, W.A. PRODUCE, has failed to pay for the produce when payment was due, despite repeated demands and presently owe plaintiff $32,148.00.

10.     At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

2

11.    Plaintiff preserved its interest in the PACA trust in the amount of $32,148.00 and remains a beneficiary until full payment is made for the produce.

12.    The defendants are experiencing severe cash flow problems and are unable to pay plaintiff for the produce plaintiff supplied.

13.    The defendants' failure and inability to pay show that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

**COUNT 1 AGAINST W.A. PRODUCE**
**(FAILURE TO PAY TRUST FUNDS)**

14.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.    The failure of defendant to make payment to plaintiff of trust funds in the amount of $32,148.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $32,148.00 to plaintiff.

**COUNT 2 AGAINST W.A. PRODUCE**
**(FAILURE TO PAY FOR GOODS SOLD)**

16.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17.    Defendant failed and refused to pay plaintiff $32,148.00 owed to plaintiff for produce received by defendants from plaintiff.

3

WHEREFORE, plaintiff requests judgment in the amount of $32,148.00 against the defendant.

### COUNT 4 AGAINST JEN JEN
### (INTEREST AND ATTORNEY'S FEES)

18.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 17 above as if fully set forth herein.

19.    As a result of defendants' failure to make full payment promptly of $32,148.00, plaintiff has lost the use of said money.

20.    As a further result of defendant's failure to make full payment promptly of $32,148.00, plaintiff, has been required to pay attorney's 'fees and costs in order to bring this action to require defendant to comply with their statutory duties.

### COUNT 5 AGAINST MANDOUR
### (FAILURE TO PAY TRUST FUNDS)

21.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22.    The defendant, MANDOUR, is personally responsible to pay all sums due to the plaintiff.

WHEREFORE, plaintiff requests judgment against each of the defendants for prejudgment interest, costs and attorneys fees.

Dated this 30th day of October, 2007.

4

Respectfully submitted,

KREINCES & ROSENBERG, P.C.

By:_____

LEONARD KREINCES (LK/6524)
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500

Z:\kreinces1\WORK\HUNTSPOINT\FIERMAN\W A  Produce Corp\Complaint PACA.wpd

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIERMAN PRODUCE EXCHANGE, INC.
                              Plaintiff(s), Petitioner(s)

            *against*

W.A. PRODUCE CORP, ET AL.
                              Defendant(s), Respondent(s)

ATTORNEY: Kreinces & Rosenberg, P.C.

Index No.: 07 CIV 9854

DATE OF FILING: 11/7/2007

## AFFIDAVIT OF SERVICE

STATE OF N.Y.: COUNTY OF NASSAU:  ss:

I, Alan Feldman, being duly sworn according to law upon my oath, depose and say, that deponent is not a party to this action, is over 18 years of age and resides in College Point, NY.

That on **November 15, 2007 at 10:50 AM at 443 84th Street, Apt 1F, Brooklyn, NY 11209**, deponent served the **Summons in a Civil Action, Complaint, and Judge's Rules** upon **Ashraf G. Mandour**, (Defendant/Respondent) herein known as Recipient.

Said service was effected in the following manner;

By delivering thereat a true copy *of each* to **Dare Mandour, Brother,** a person of suitable age and discretion. That person was also asked by deponent whether said premises was the Recipient's place of residence and their reply was affirmative.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:  Sex: **Male** Skin: **Brown** Hair: **Black** Age(Approx): **40** Height(Approx): **5' 5"** Weight(Approx): **160-170 lbs** Other:

On **November 16, 2007**, after delivery of process was effected, deponent enclosed an additional true and attested copy of same in postpaid envelope addressed to the Recipient at Recipient's place of residencein an official depository and by First Class Mail, under the exclusive care of the United States Postal Service within New York State. The envelope bore the Legend "Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the Recipient.

I asked the person spoken to if the Recipient was in active military service of the United States or the State of New York in any capacity and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the Recipient is not in the military service of New York State or the United States as that term is defined in the statues of New York State or the Federal Soldiers and Sailors Civil Relief Act.

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to before me on November 16, 2007

Alan Feldman,  /License No. 0946641

Alan Leibowitz
Notary Public, State of New York
Registration No. 01LE6029931
Qualified in Nassau County
Commission Expires August 30, 2009

**Ultimate Process Service (516) 333-3447**
**Case No.: 85430**